**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-02511-DDD-STV

DAVID PLOWDEN,
MARIO ORTEGA, and
KAMILLE FAYE VINLUAN-JULARBAL,
Each individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

SIMILASAN CORP.,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Chief Magistrate Judge Scott T. Varholak

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Certification of Settlement Class and Appointment of Settlement Class Counsel (the "Motion"). [#66] The Motion has been referred to this Court. [#68] This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

**I.    BACKGROUND**

On September 26, 2023, Plaintiff David Plowden initiated this action by filing a class action complaint against Defendant Similasan Corp. ("Similasan") [#1] On December 22, 2023, Plaintiffs Plowden, Mario Ortega, and Kamille Faye Vinluan-Jularbal

filed the operative Consolidated Class Action Complaint (the "Complaint"). [#32] The Complaint alleges that Defendant's eye care products were marketed as homeopathic drugs yet Defendant failed to obtain appropriate approvals from the Federal Food and Drug Administration ("FDA") to sell such products. [*See generally id.*] The Complaint contains nine causes of action: (1) violation of state consumer protection statutes [*id.* at ¶¶ 110-20]; (2) unjust enrichment/quasi-contract [*id.* at ¶¶ 121-28]; (3) breach of implied warranties [*id.* at ¶¶ 129-51]; (4) breach of express warranty [*id.* at ¶¶ 152-61]; (5) fraudulent omission [*id.* at ¶¶ 162-69]; (6) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* [*id.* at ¶¶ 170-82]; (7) violation of California's Unfair Competition Law, Cal. Bus. & Prof. § 17200 [*id.* at ¶¶ 183-202]; (8) violation of California's Legal Remedies Act, Cal. Civ. Code. § 1770 [*id.* at ¶¶ 203-17]; and (9) violation of California's False Advertising Law, Cal. Bus. & Prof. § 17500 [*id.* at ¶¶ 218-25].

On September 16, 2024, the parties notified the Court that they had reached a settlement agreement. [#59] On November 6, 2024, Plaintiff filed the instant Motion. [#66] The Motion seeks preliminary approval of class action settlement, certification of settlement class, appointment of settlement class counsel, and approval of the class notice. [##66, 67]

II.   **STANDARD OF REVIEW**

Approval of a class action settlement under Federal Rule of Civil Procedure 23 takes place in two stages. *Martinez v. Reams*, No. 20-CV-00977-PAB-SKC, 2020 WL 7319081, at *1 (D. Colo. Dec. 11, 2020). "In the first stage, the Court preliminarily certifies a settlement class, preliminarily approves the settlement agreement, and authorizes that

notice be given to the class so that interested class members may object to the fairness of the settlement." *Id.* "Preliminary approval of a class action settlement, in contrast to final approval, is at most a determination that there is . . . 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-PAB-KLM, 2013 WL 4547404, at *3 (D. Colo. Aug. 28, 2013) (quoting *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011)). "Though the standards for preliminary approval are not as stringent as those for final approval, the final approval standards inform the Court's preliminary inquiry and thus it is appropriate to review them." *Martinez*, 2020 WL 7319081, at *2.

"In the second stage, after notice is given to the putative class, the Court holds a fairness hearing at which it will address (1) any timely objections to the treatment of this litigation as a class action, and (2) any objections to the fairness, reasonableness, or adequacy of the settlement terms." *Id.* at *1 (citing Fed. R. Civ. P. 23(e)(2)). During the second stage the Court will direct notice to all class members who would be bound by the proposal and will hold a fairness hearing to determine if:

> it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided is for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). In deciding whether to grant final approval, "a district court considers whether '(1) the settlement was fairly and honestly negotiated, (2) serious legal and factual questions placed the litigation's outcome in doubt, (3) the immediate recovery

3

was more valuable than the mere possibility of a more favorable outcome after further litigation, and (4) [the parties] believed the settlement was fair and reasonable.'" *Tennille v. W. Union Co.*, 785 F.3d 422, 434 (10th Cir. 2015) (quoting *Weinman v. Fid. Cap. Appreciation Fund*, 354 F.3d 1246, 1266 (10th Cir. 2004)).

"District courts have broad discretion in granting or denying class certification." *Martinez*, 2020 WL 7319081, at *2 (citing *Shook v. Bd. of Cnty. Comm'rs of the Cnty. of El Paso* ("*Shook II*"), 543 F.3d 597, 603 (10th Cir. 2008)). To certify a class, the district court must be convinced that the proposed class satisfies all four prerequisites of Federal Rule of Civil Procedure 23(a) as well as the requirements of one of the three types of classes identified in Rule 23(b). Rule 23(a) requires that: (1) the class be so numerous that joinder is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. A class action may be sustained if these requirements are satisfied, and the class meets the requirements of one of the categories of Rule 23(b). Ultimately, "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (quoting *Gen. Tel. Co of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

### III. ANALYSIS

The Motion seeks preliminary approval of class action settlement, certification of settlement class, appointment of settlement class counsel, and approval of the class notice. [##66, 67] With certain exceptions, the proposed Settlement Class consists of:

"All Persons in the United States, its territories and/or the District of Columbia, who purchased, for personal use and not for resale, any Covered Product from September 11, 2017, until the Preliminary Approval Date." [#67 at 10][1]  Key terms of the Settlement Agreement include: (1) monetary compensation for the Settlement Class in the amount of $3,575,000, which will be placed in a non-reversionary fund, to be distributed to the Settlement Class once administrative costs, litigation expenses, and attorneys' fees are deducted; (2) payment to claimants of $2.50 per each covered product purchased during the Class Period, with a household cap of $10 per claim absent valid proof of purchase; (3) service awards of $2,500 to each of the Named Plaintiffs for their efforts in pursuing the action; and (4) any amounts remaining in the Settlement Fund after making the payments outlined above shall be donated to the Public Justice Foundation. [*Id.* at 10-16]  The Court begins with an analysis of the request for Rule 23 certification, then turns to preliminary approval of the Settlement Agreement, and concludes with the request to appoint Settlement Class counsel and approve the Proposed Notice.

A.   **Rule 23 Certification**

As detailed above, the Court must first determine whether the four requirements of Rule 23(a) are satisfied.  Next, the Court must determine whether the requirements of one of the three types of classes identified in Rule 23(b) is satisfied.  The Court addresses each below.

---

[1] For consistency, the Court refers to the actual page number of the .pdf document uploaded to the Electronic Court Filing system, rather than to the numbering printed on each page.

5

### 1. Rule 23(a)

The Court must first determine whether the four requirements of Rule 23(a) are satisfied. These requirements are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. The Court will address each of these requirements in turn.

#### a. Numerosity

To satisfy Rule 23(a)'s numerosity requirement, the class must be so numerous that joinder of all members would be "impracticable." Fed. R. Civ. P. 23(a)(1). "There is no minimum numerical threshold which must be exceeded to satisfy this requirement. Rather, the nature of the particular case, and the nature of the proposed class, are key considerations in determining whether joinder of all parties is not practical." *Gianzero v. Wal-Mart Stores, Inc.*, No. 09-cv-00656-REB-BNB, 2010 WL 1258071, at *2 (D. Colo. Mar. 29, 2010). Here, the parties estimate that the class would encompass tens of thousands. [#67 at 22] The Court concurs with the parties that numerosity is met. *See Martinez*, 2020 WL 7319081, at *4 (finding numerosity satisfied with 345 class members); *Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1081 (D. Colo. 2016) (finding that 140 proposed class members satisfied the numerosity requirement).

#### b. Commonality

"The distinction between the commonality requirement in Rule 23(a)(2) and the requirement in Rule 23(b)(3) that common issues predominate over individual ones has become somewhat hazy since the Supreme Court announced that the search for common questions under Rule 23(a)(2) really means the search for questions that can generate classwide answers." *Id.* (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). As Judge Martinez explained in *Torres-Vallejo*:

6

> [I]t may be a common question whether a class of employees worked overtime, but if that question cannot be answered on a classwide basis, the Supreme Court seems to be saying that the individualized nature of the inquiry destroys the commonality of the question—which begins to sound very similar to a conclusion under Rule 23(b)(3) that individual issues predominate over common questions.

*Id.* "In any event, resolving this tension is probably unnecessary because Rule 23(a)(2)'s 'commonality' requirement is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class 'predominate over' other questions." *Id.* (internal quotation omitted). As a result, the Court will treat these analyses as overlapping. *See id.*

Here, there are certainly common issues of both law and fact. As explained in the Motion, "the core issue of the Action—whether or not the Covered Products were illegal to sell—is a question common to all Settlement Class Members." [#67 at 23] As a result, the Court finds that the commonality requirement has been satisfied.

### c. Typicality

"Rule 23(a)(3) requires that the claims or defenses of the class representatives be typical of those of the class which they seek to represent." *Decoteau v. Raemisch*, 304 F.R.D. 683, 689 (D. Colo. 2014). "The positions of the class representatives need not be identical to those of the other class members, so long as there is a sufficient nexus between the claims of the class representatives and the common questions of law or fact which unite the class." *Id.* Nor does the "differing fact situations of class members . . . defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988). Rather, "[t]he relevant inquiry is 'whether under the particular circumstances maintenance of a class action is economical and whether the

7

named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Torres-Vallejo*, 220 F. Supp. 3d at 1082 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982)).

Here, Plaintiff has satisfied the typicality requirement. Named Plaintiffs' claims and the claims of the Settlement Class arise out of the same allegedly deceptive mislabeling and legal violations. And though each member of the Settlement Class may not have suffered the same harms as the Named Plaintiffs, that fact does not preclude certification of the class. *See DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1198 (10th Cir. 2010) ("Rule 23's certification requirements neither require all class members to suffer harm or threat of immediate harm nor Named Plaintiffs to prove class members have suffered such harm."); *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009) (noting that "a class will often include persons who have not been injured by the defendant's conduct" and that "[s]uch a possibility or indeed inevitability does not preclude class certification").

The Court finds that, in this case, "a class action is economical and [] the [Named Plaintiffs'] claim[s] and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Torres-Vallejo*, 220 F. Supp.3d at 1082 (quoting *Gen. Tel. Co. of Sw.*, 457 U.S. at 157 n.13). Accordingly, the typicality requirement has been satisfied.

### d. Adequacy

"The criteria for assessing whether the lead plaintiffs will adequately represent the class include whether they have common interests with the members of the potential

class and whether they will vigorously prosecute the interests of the class through qualified counsel." *Neiberger v. Hawkins*, 208 F.R.D. 301, 316 (D. Colo. 2002). "In addition, the lead plaintiffs should be knowledgeable as to the status and underlying legal basis of the action, that they are willing and able to pay notification and other costs, that they will diligently pursue their claims, and that their interests are not antagonistic to the interests of the class." *Id.* (internal quotation omitted).

Here, the Court is not aware of any conflicts between the Named Plaintiffs and the Settlement Class. The Named Plaintiffs have vigorously prosecuted this lawsuit through the proposed Settlement Agreement. Accordingly, the Court finds that the adequacy requirement has been satisfied.

### 2. Rule 23(b)(3)

Rule 23(b)(3) requires a finding that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The Court addresses each requirement in turn.

#### a. Predominance of Common Questions of Law or Fact

The Supreme Court has defined the predominance inquiry as follows:

> The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. This calls upon courts to give careful scrutiny to the relation between common and individual questions in a case. An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof. The predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues. When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be

9

> considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.

*Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (internal quotations and citations omitted).  Here, the common question to each of the members of the Settlement Class is whether the Covered Products are illegal and mislabeled homeopathic drugs that were sold in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA") such that reasonable consumers were misled and paid a premium price.  Because this legal theory is at the heart of the Named Plaintiffs' claims, the Court finds the predominance requirement satisfied.  *Corbett v. PharmaCare U.S., Inc.*, No. 21cv137-JES (AHG), 2024 WL 1356220, at *2, 15 (S.D. Cal. Mar. 29, 2024) (finding predominance requirement satisfied for unfair or deceptive business practice claim alleging that the defendant improperly sold its products as dietary supplements in violation of the FDCA).[2]

### b.  Superiority of Class Action

Finally, the Court concludes that a class action is superior to any other method of adjudication.  The absent potential class members have not shown an interest in individually controlling the litigation, and the Court is not aware of any other litigation regarding the controversy.  Fed. R. Civ. P. 23(b)(3)(A-B).  Moreover, the individual claims appear to be relatively small, making individual lawsuits impracticable.  *See Belote v. Rivet Software, Inc.*, No. 12-cv-02792-WYD-MJW, 2013 WL 2317243, at *3 (D. Colo. May

---

[2] To the extent that this case involves "individualized damages issues," such individualized differences do not defeat class certification. *In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1255 (10th Cir. 2014); *see also Tyson Foods, Inc.*, 577 U.S. at 453 ("When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." (internal quotation omitted)).

10

28, 2013); *Maez v. Springs Auto. Grp.*, 268 F.R.D. 391, 397 (D. Colo. 2010). These factors in support of class action outweigh any difficulties in managing the class action. Accordingly, the Court finds the superiority requirement has been met.

### 3. Conclusion

Thus, the Court concludes that all four requirements of Rule 23(a) are satisfied. The Court further concludes that Rule 23(b)(3) is satisfied. Thus, the Court respectfully RECOMMENDS that the Motion be GRANTED to the extent it seeks certification of the Settlement Class.

### B. Preliminary Settlement Approval

"Preliminary approval of a class action settlement . . . is at most a determination that there is . . . 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Crocs, Inc. Sec. Litig.*, 2013 WL 4547404, at *3 (quotation omitted). "A proposed settlement of a class action should therefore be preliminarily approved where it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, [and] does not improperly grant preferential treatment to class representatives." *Ross v. Convergent Outsourcing, Inc.*, 323 F.R.D. 656, 659 (D. Colo. 2018) (quotation omitted). "Though the standards for preliminary approval are not as stringent as those for final approval, the final approval standards inform the Court's preliminary inquiry and thus it is appropriate to review them." *Martinez*, 2020 WL 7319081, at *2.

Here, the Court concludes that there is probable cause to submit the proposal to class members and hold a full-scale hearing as to fairness. Based upon the information currently before the Court, the class representatives and class counsel appear to have

11

adequately represented the class and the proposal was negotiated at arm's length. Moreover, all class members appear to be treated equally. The relief would be immediate and appears to be adequate. And recovery was by no means guaranteed—indeed, a motion to dismiss filed by Defendant was pending at the time of the settlement. [##42, 59] Pursuant to the terms of the Settlement Agreement, attorney's fees will not exceed one-third of the Settlement Amount. [#67 at 15] Furthermore, the Settlement Agreement provides a manner for Settlement Class members to opt-out or object to the Settlement Agreement, thereby allowing any fairness concerns to be raised prior to final approval of the Settlement Agreement. Based upon these factors, the Court is convinced that the Settlement Agreement should be submitted to class members, and therefore respectfully RECOMMENDS that the Motion be GRANTED to the extent it seeks preliminary approval of the Settlement Agreement.

### C. Class Counsel

When certifying a class, a Court "must appoint class counsel." Fed. R. Civ. P. 23(g). In appointing class counsel, the Court must consider:

> [(A)](i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class; [and] (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.

Fed. R. Civ. P. 23(g)(1). To date, counsel has vigorously prosecuted this action and brought it to the point of settlement. Counsel attests that they have successfully litigated other class actions and have obtained billions of dollars in settlement and verdicts in a wide variety of cases. [##67-3 at ¶ 3; 67-5 at ¶¶ 3-5; 67-9 at ¶¶ 3-4; 67-11 at ¶ 3] Counsel

12

has knowledge of the applicable law [##67-3 at ¶ 2; 67-5 at ¶ 3; 67-9 at ¶ 3; 67-11 at ¶ 2] and, as demonstrated by their actions in this case, has the resources to represent the class. Accordingly, the Court respectfully RECOMMENDS that the Motion be GRANTED to the extent it seeks to appoint Settlement Class Counsel.

### D. Class Notice

"For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "A 'reasonable' notice effort, one that satisfies both Rule 23 and constitutional due process requirements, should reach at least seventy percent of the class." *T.K. v. Bytedance Tech. Co., Ltd.*, No. 19-CV-7915, 2022 WL 888943, at *7 (N.D. Ill. Mar. 25, 2022); *see also In re Advocate Aurora Health Pixel Litig.*, 740 F. Supp. 3d 736, 745 (E.D. Wis. 2024) ("According to the Federal Judicial Center, notice to at least seventy percent of the class generally meets [the reasonably calculated] standard." (quotation omitted)); *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 527 F. Supp. 3d 269, 273 (E.D.N.Y. 2021) ("According to the Federal Judicial Center ("FJC"), a notice plan that reaches between 70 and 95 percent of the class is reasonable."); *Edwards v. Nat'l Milk Producers Fed'n*, Nos. 11-CV-04766-JSW, 11-CV-04791-JSW, 11-CV-05253-JSW, 2017 WL 3623734, at *4 (N.D. Cal. June 26, 2017) ("[N]otice plans estimated to reach a minimum of 70 percent are constitutional and comply with Rule 23."). The notice must clearly state:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the

> time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Here, the Proposed Notice states in plain terms the six requirements set forth in Rule 23(c)(2)(B). [#67-2 at 68-74] And the Settlement Agreement contains a detailed Proposed Notice Plan which:

> provides for a robust media campaign consisting of state-of-the-art targeted internet banner notice, social media notice, and a paid search campaign, combined with a dedicated settlement website and toll-free telephone line where Settlement Class Members can learn about their rights and options pursuant to the terms of the Settlement.

[*Id.* at 80] The media campaign is designed to deliver an approximate 70.17 percent reach with an average frequency of 3.05 times. [*Id.*] Thus, the Court concludes that the Proposed Notice and Proposed Notice Plan satisfy both the constitutional and Rule 23 requirements. Accordingly, the Court respectfully RECOMMENDS that the Motion be GRANTED to the extent it seeks approval of the Proposed Notice.

## IV.   CONCLUSION

For the reasons set forth above, the Court respectfully **RECOMMENDS** that Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Certification of Settlement Class and Appointment of Settlement Class Counsel [#66] be **GRANTED**.[3]

---

[3] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of

DATED:  January 31, 2025                              BY THE COURT:

                                                      s/Scott T. Varholak
                                                      Chief United States Magistrate Judge

---

the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the Magistrate Judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review Magistrate Judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of Magistrate Judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the Magistrate Judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

15